Nash, J.
 

 Wc concur in the judgment of his Honor, who tried the cause below. The discharge of the principal, under the insolvent debtor’s law, was not a discharge of the debt. Its only effect was to exempt the body of the debtor from an arrest, at the instance of that plaintiff or any creditor duly notified, upon their subsisting debts, leaving his property, subsequently acquired,..still liable.
 
 Crain
 
 v.
 
 Long,
 
 3 Dev. 371. This protection, however, is
 
 *72
 
 personal
 
 to the
 
 debtor. He may or may not avail himself of it, at his pleasure. In this case, there was nothing to prevent the bail from surrendering the person' of his debtor, in discharge of himself. For the defendant might arrest him to acquit himself of his liability. The obligation, into which the defendant entered, when he became the bail of Marcus S. Alexander, was, that, if he, the principal, did not surrender himself, or pay the judgment, which might be rendered against him, the bail would pay it, or surrender the body of his principal, if alive. Under the Act of 1777, the payment of the judgment, the death of the principal or his surrender can alone be pleaded by the bail in bar of the action.
 
 Granbery
 
 v. Pool, 3 Dev. 156. The special plea in this case was no bar, and the demurrer was properly sustained and the plea overruled.
 

 Per Cueiaw.
 

 Judgment affirmed.